Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 1164 | **DATE** | 5/20/2004 |
| **CASE TITLE** | USA vs. John Orozco | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendant's motion [#32] to quash search warrant and suppress evidence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 3 | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | MAY 2 1 2004 | | |
| | Notified counsel by telephone. | | | date docketed | | 60 |
| | Docketing to mail notices. | | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | 5/20/2004 | | |
| MD | courtroom deputy's initials | | | date mailed notice MD mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. 02 CR 1164 |
| ) | Judge Joan H. Lefkow |
| JOHN OROZCO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On February 24, 2004, this court denied the motion of defendant, John Orozco ("Orozco"), to suppress evidence seized pursuant to a search warrant executed at his residence. The court held that, though the search warrant was not supported by probable cause, the motion to suppress would be denied because the officer executing the warrant relied in good faith on the probable cause determination of the magistrate judge. *See United States* v. *Leon*, 468 U.S. 897, 916-22 (1984). Orozco moved for reconsideration of that decision, requesting that a hearing be held so that he could more fully develop the evidence. The court granted Orozco's motion and held an evidentiary hearing on May 7, 2004.

A. *Probable Cause*

At the hearing, the government requested that the court reconsider its initial holding that the search warrant was unsupported by probable cause. The court denies the motion to reconsider, but takes this opportunity to clarify its rationale. The government concedes that the only information linking any illegal activity or contraband items and Orozco's residence was (1) informant testimony that the Orozco was the second in command, or "Caciqua," of the local Latin Kings street gang and (2) the statement of Agent Burress, the FBI Agent who filed the

affidavit accompanying the warrant request, that based on his "training and experience" high ranking gang members, particularly those who serve as the "Caciqua," often keep records of gang activities in their residences. The government argues that, according to the Seventh Circuit's holding in *United States v. Lamon*, 930 F.2d 1183 (7th Cir. 1991), this information was sufficient to establish probable cause to search Orozco's residence. The court disagrees. In *Lamon*, the officer's affidavit for the search warrant contained several pieces of specific information justifying a search of the suspect's automobile. The affidavit included information that, on one unspecified occasion, the suspect had sold drugs from his automobile and that the suspect recently had sold drugs out of the house in front of which he parked his automobile. *Id.* at 1185, 1189. The court noted, "Taken together, these pieces of information suggested a pattern of drug trafficking that involved both the house and the automobile." *Id.* at 1189. The court then added,

> Furthermore, [the officer] indicated that, based on his nine years of experience in Milwaukee's Drug Enforcement Unit, he knew that drug dealer often store drugs and drug paraphernalia in their automobiles. Although conclusory statements without more do not provide a substantial basis for finding probable cause, issuing magistrates are 'entitled to take into account' the experience of officers whose affidavits explain the significance of specific types of information.

*Id.* The court did not hold that an officer's "training and experience," standing alone, is a sufficient basis for a finding of probable cause; it held only that issuing magistrates are entitled to take such information into account.

In *United States v. Angulo-Lopez*, 791 F.2d 1394 (9th Cir. 1986), another case cited by the government, the court went a step further than the Seventh Circuit did in *Lamon*, holding that magistrate judges are not only 'entitled to take into account' an officer's training and experience, but that "[a] magistrate is entitled to draw reasonable inferences about where evidence is likely to

2

be kept, based on the nature of the evidence and the type of offense. In the case of drug dealers, evidence is likely to be found where the dealers live." *Id.* at 1399. Essentially, the court held that a magistrate judge may issue a search warrant based solely on presumptions about the generalized behavioral patterns of a certain class of criminals.[1] This court is not bound by *Angulo-Lopez* and declines to adopt its reasoning. As Justice Hannah of the Arkansas Supreme Court explained, the Ninth Circuit allows issuance of a search warrant "based not upon an affidavit providing facts to show or infer reasonable cause to believe that contraband or evidence of a crime will likely be found in the place to be searched, but rather upon an affidavit only supplying facts to show or infer reasonable cause to believe the suspect is a drug dealer, and the court by presumption will supply the lacking inference that the affidavit should have supplied." *Yancey v. Arkansas*, 44 S.W.3d 315, 322 (Ark. 2001).

The court finds the reasoning of the Sixth Circuit in *United States v. Schultz*, 14 F.3d 1093 (6th Cir. 1994), more persuasive. In *Schultz*, the court held that a search warrant for a suspect's safe deposit boxes should not have issued where the only connection between the safe deposit boxes and the suspect's alleged criminal activity was the officer's statement that, "Based on his training and experience, . . . it is not uncommon for the records, etc. of such [drug] distribution to be maintained in bank safe deposit boxes." *Id.* at 1097. The court stated,

> While an officer's "training and experience" may be considered in determining probable cause, it cannot substitute for the lack of evidentiary nexus in this case, prior to the search, between the safe deposit boxes and any criminal activity. [The officer] did not have anything more than a guess that contraband or evidence of a crime would be found

---

[1] Though the Ninth Circuit did not mention it in its discussion of what a magistrate judge may reasonably infer from an affidavit, the affidavit in support of the warrant in *Angulo-Lopez* did contain specific information suggesting that drugs would be found at the residence to be searched. The court noted that "citizen-informants also stated that the appellant was selling heroin out of his new residence at 4669 Fuhrer Street." 791 F.3d at 1396.

in the boxes.... To find otherwise would be to invite general warrants authorizing searches of *any* property owned, rented, or otherwise used by a criminal suspect -- just the type of broad warrant the Fourth Amendment was designed to foreclose.

*Id.* at 1097-98. Similarly, in the instant case, Agent Burress did not have anything more than a guess that evidence of a crime would be found at Orozco's Elburn residence. Burress' invocation of the magic words "based on my training and experience," without more, is insufficient to transform this guess into probable cause.

B. *Good Faith Reliance*

In *United States v. Koerth*, 312 F.3d 862 (7th Cir. 2002), the Seventh Circuit noted that if a defendant is successful in establishing the invalidity of a search warrant, the burden then shifts to the government to establish that the police relied in good faith on the judge's decision to accept the affidavit and issue the warrant. *Id.* at 868. The court further noted that an officer's decision to obtain a warrant is *prima facie* evidence that he was acting in good faith. *Id.* Since Agent Burress did in fact obtain a warrant, the government has met its *prima facie* proof that its agents were acting in good faith. The court in *Koerth* noted that a defendant may rebut this *prima facie* proof by presenting evidence that:

> (1) the magistrate "wholly abandoned his judicial role," or otherwise failed in his duty to "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police"; *Leon*, 468 U.S. at 923, 914, 104 S.Ct. 340; or (2) the officer submitted an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923, 104 S.Ct. 340.

*Id.*

Orozco focuses on the second part of the above test, which requires a showing that (1) "courts have clearly held that a materially similar affidavit previously failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand" or (2) "the

4

affidavit is so plainly deficient that any reasonably well-trained officer would have known that this affidavit failed to establish probable cause and that he should not have applied for the warrant." *Id.* Orozco argues that the affidavit submitted by Agent Burress was so plainly deficient that a reasonable officer would have known that it failed to establish probable cause. However, Orozco produced no information at the evidentiary hearing to change the court's opinion that Agent Burress could have reasonably believed that the facts set forth in the affidavit were sufficient to support a finding of probable cause. First, as discussed above, the Seventh Circuit has not clearly and unequivocally held that an officer's "training and experience," standing alone, fails to establish a sufficient nexus between the evidence sought and the place to be searched. Furthermore, in at least two circuits, an officer's conclusional statements about the likelihood of finding evidence at a particular location, if such a statements are based on the officer's "training and experience," are apparently sufficient to establish a nexus between the evidence sought and the place to be searched. *See Angulo-Lopez*, 791 F.2d at 1399; *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars in United States Currency*, 965 F.2d 868 (10th Cir. 1992). While this court disagrees that such statements are sufficient to establish probable cause, it was not unreasonable for Agent Burress to believe that they did.

## CONCLUSION

For the reasons stated above, Orozco's motion to quash search warrant and suppress evidence is denied [#32].

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 20, 2004